**Thomas GANT, Plaintiff,**

v.

**KLENZADE, INC., Individually and t/a and/or a division of Ecolab, Inc., Individually, Jointly and Severally, Defendant,**

**Ecolab Inc., Defendant.**

Civ. A. No 93–5620.

United States District Court, E.D. Pennsylvania.

May 5, 1994.

Barry S. Lyons, Barry S. Lyons, P.C., Robert H. Finkel, Philadelphia, PA, for plaintiff.

Robert G. Kelly, Jr., Marjorie A. Weiss, Kelly, McLaughlin & Foster, Philadelphia, PA, for defendants.

## *MEMORANDUM*

ROBERT F. KELLY, District Judge.

Before the Court are Defendants' Motion to Preclude Fact Witnesses and Defendants' Motion to Preclude Testimony or Reports of Expert Witnesses who were not identified prior to the date the parties' Joint Final Pretrial Order was due. For the reasons that follow, Defendants' Motions are granted.

Plaintiff filed this products liability action on October 22, 1993. In his Complaint, Plaintiff contends that on October 24, 1991, he suffered severe burns when a chemical product manufactured by Defendants spilled on his arm.

By Order dated November 22, 1993, this Court ordered that discovery was to be completed by February 28, 1994, the Joint Final Pretrial Order was to be filed by March 28, 1994. The Order also stated that this case would enter the Court's trial pool on March 28, 1994.

## I. *MOTION TO PRECLUDE FACT WITNESSES*

On November 17, 1993, Defendants served interrogatories on Plaintiff seeking the identification of any fact witnesses known to Plaintiff. On February 4, 1994, Plaintiff responded to Defendents' interrogatories by stating that there may have been fellow employees in the vicinity at the time of the accident, but Plaintiff did not name any such fellow employees. At no time subsequent thereto did Plaintiff supplement these responses. On March 28, 1994, Plaintiff's counsel submitted Plaintiff's pretrial order to Defendants. In the pretrial order, Plaintiff, for the first time, identified 12 fact witnesses that he intended to call at trial.[1] Defendants immediately filed the instant Motion.

■ In determining whether to exclude testimony, a court must consider the following factors:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of that case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904–905 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel*, 777 F.2d 113 (3d Cir.1985), *aff'd*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). In addition to the above factors, the court also should consider the importance of the excluded testimony. *Id.; Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir.1991).

■ Defendants claim that they will be prejudiced if these witnesses are permitted to testify. Defendants argue that they must take the time to depose these twelve witnesses, investigate any claims that they may make and prepare a defense to their testimony, while at the same time being prepared to go to trial shortly upon the completion of this additional discovery. Plaintiff's counsel, on the other hand, contends that he did not learn of these witnesses until Plaintiff identified them at his deposition on February 22, 1994, and that their names were immediately forwarded to Defendant.

However, this Court is unable to fathom why Plaintiff's counsel would have to wait for his own client's deposition to learn of this information. Plaintiff's counsel could have, and in fact should have, spoken with his client at an earlier time in order obtain the identities of these witnesses. Quite simply, there was nothing to prevent counsel from doing so, and counsel has not offered a credible reason for not obtaining this information from his client prior to the deposition. Moreover, these witnesses were not identified for Defendants as soon as they became known to Plaintiff. Plaintiff waited in excess of one month after his deposition to inform Defendants of his intention to call these individuals to testify at trial. In the meantime, Plaintiff did not make any attempt to supplement his responses to Defendants' interrogatories.

Plaintiff also claims that Defendants are not prejudiced or surprised by the late identification of these witnesses because Defendants were made aware of these individuals through discovery. According to Plaintiff, the names of several of these witnesses were contained in documents that Defendants supplied to Plaintiff on January 6, 1994, and therefore Defendants were aware of these individuals at that time. However, the documents to which Plaintiff refers are merely records that Defendants obtained through a subpoena that was served upon Plaintiff's place of employment. Defendants then forwarded copies of these documents to Plaintiff. The mere fact that the names of some of these witnesses were contained in these documents does not put Defendants on notice that they will be called to testify at trial. Moreover, the assertion by Plaintiff that these individuals were named in the documents on January 6, 1994 is in complete

---

1. Those witnesses are: Brian Kelly, Robert Allen, Jim Duck, John Sanders, J. Politano, J. Kostek, William Mullen, Paul Pauciulo, Fely P. Patterson, Gladys Driggins, Marcia Barrett, and Parvis Ben–Haim.

contradiction to his earlier claim that these witnesses first became known to counsel at Plaintiff's deposition on February 22, 1994.

In an attempt to ease the prejudice this late disclosure has caused to Defendants, counsel for Plaintiff has stated that he has "absolutely no objection whatsoever to the Court granting Defendant whatever time Defendant needs to prepare a defense and retain what additional witnesses Defendant needs or it deems necessary to refute any allegation made by Plaintiff or his witness." Plaintiff's Brief at ¶ 11. However, such a delay would not cure the prejudice caused to Defendants. This Court attempted to call this matter to trial for May 9, 1994. However, the Court was informed that counsel for Defendants was attached for trial before another judge of this court at that time. As such, it would be prejudicial to require Defendants to perform additional discovery while its counsel must prepare for and try another case. A delay as suggested by Plaintiff is especially prejudicial in light of the fact that Defendants diligently followed the Court's scheduling order and made timely inquiries as to Plaintiff's trial witnesses, while Plaintiff has apparently done little in the way of preparing this matter for trial.

Moreover, permitting additional discovery of these witnesses would not only delay this case, but it would also disrupt the other cases on this Court's docket that are scheduled for trial. In light of the Court's busy trial schedule over the next several months, a delay as suggested by Plaintiff would result in this matter not being called to trial for several months. With this in mind, the Court has recently attempted to call this matter to trial on two occasions. On April 5, 1994, this Court sent a Notice to counsel informing them that this case was listed as a backup to a case scheduled to begin trial on April 11, 1994, and that this matter would proceed to trial in the event the case ahead of it settled. The other case did not settle. The Court again attempted to call this matter to trial for May 9, 1994, but was informed

that counsel for Defendant was listed for trial in front of another judge of this court.

The conduct of Plaintiff can only lead this Court to conclude that Plaintiff willfully disregarded this Court's scheduling order. As previously noted, Plaintiff admits that he had the names of these witnesses on January 6, 1994, but he failed to supplement his answers to interrogatories or identify these witnesses prior to the discovery deadline. However, even in light of this admission, Plaintiff's counsel asserts that he did not become aware of these witnesses until Plaintiff's deposition on February 22, 1994. These conflicting excuses by Plaintiff only enforces this Court's belief that Plaintiff did little in the way of preparing this matter for trial, and has willfully disregarded the order of this Court.

Finally, there is little reason to believe that these are critical witnesses to Plaintiff's case. According to Plaintiff, these witnesses will testify to the first aid that was administered to Plaintiff after the accident, Plaintiff's attempt at reemployment and issues concerning Plaintiff's workmen's compensation claim. However, Plaintiff can testify on his own behalf as to these matters, of which he obviously would have direct knowledge.

For these reasons, Defendants' Motion to Preclude Fact Witnesses is granted.

## II. MOTION TO PRECLUDE EXPERT WITNESSES

A similar situation has arisen concerning four of Plaintiff's expert witnesses. On November 17, 1993, Defendants served expert interrogatories on Plaintiff. On February 4, 1994, Plaintiff responded by identifying ten health care providers that would be called as expert witnesses at trial. Plaintiff amended his responses to expert interrogatories on March 25, 1994 by naming his damage expert, Dr. Scott Jaeger. In his Pretrial Order submitted to Defendant on March 28, 1994, Plaintiff identified four additional experts that he intends to call at trial.[2] Defendant immediately filed the instant Motion. Upon consideration of the factors as delineated in *Meyers*, this Motion is likewise granted.

---

**2.** Those experts are: Dr. Brian Kominsky, Dr. Philip Spergel, David Bunin, and Leslie M. Shaw.

Defendants once again contend that it would be prejudicial if these experts are permitted to testify at trial. Defendants argue that they would have to investigate the claims of Plaintiff's experts and obtain their own experts to rebut such claims. While counsel for Plaintiff has "offered" to grant an extension to allow Defendants any time they may need to obtain experts, such a delay would be futile. As previously noted, counsel for Defendants is on trial beginning May 9, 1994. Any extension that would require Defendants to investigate the assertions by Plaintiff's experts and obtain their own experts, while at the same time making preparations for this and other cases would not cure the prejudice caused to Defendants. Moreover, this Court's trial schedule does not permit a delay in this case. As was previously noted, the Court unsuccessfully attempted to bring this case to trial by Notice dated April 5, 1994, and again for May 9, 1994.

Plaintiff's counsel also asserts that he did not become aware of the name of the product that caused the burn on Plaintiff's arm until Plaintiff's deposition on February 22, 1994. Plaintiff's counsel further contends that it was only upon such identification that experts could be obtained. However, such a claim is contrary to the facts. Plaintiff's counsel could have asked his client at any time the name of the product that caused the burns. It was simply not necessary for counsel to wait for his client's deposition to obtain this information. Moreover, Defendants identified the product at issue as Klenzmate Brown in its Revised Self–Executing Disclosure on November 30, 1993, and again on December 20, 1993 in response to Plaintiff's interrogatories. As such, counsel's claim of late product identification does not comport with the facts in this case.

Furthermore, it is apparent to this Court that the scheduling order in this matter was willfully and flagrantly disregarded. No credible reason has been offered for Plaintiff's failure to comply with the dates set forth in the scheduling order. It is clear that Plaintiff had documentation on November 30, 1993 that the product at issue was Klenzmate Brown. Moreover, Plaintiff did not request a continuance of discovery in this matter until Defendants moved to preclude the testimony of several of his witnesses. However, a request for a continuance at this time is simply too late, especially in light of the fact that this Court has attempted to call this matter to trial twice since it entered the trial pool, and will do so again at the next available date in the Court's schedule.

Finally, these witnesses do not appear to the Court to be critical witnesses. Plaintiff has listed ten treating physicians as experts, some of whom undoubtedly have expertise in dealing with chemical burns.

Based on the above stated reasons, I shall enter the following Order:

### *ORDER*

AND NOW, this 5th day of May, 1994, upon consideration of Defendant's Motion to Preclude Testimony of Fact Witnesses and Defendant's Motion to Preclude Reports or Testimony of Expert Witnesses, and all responses thereto, it is hereby ORDERED that:

1. Defendants' Motion to Preclude Testimony of Fact Witnesses is GRANTED; and

2. Defendant's Motion to Preclude Reports or Testimony of Expert Witnesses is GRANTED.